# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| Plaintiff, | ) Civil Action Case No.1:12-cv-00842-TWP-MJD |
| v. | ) |
| STEPHEN MCSWEENEY, CHARLIE TOLLEY, JEREMIAH MCKINNEY, JAMES HELFERICH, ERNEST NURULLAEVA and JOHN DOE 1 and 7, | ) |
| Defendants | ) |

## ANSWER

Comes now, the defendant, Ernest Nurullaev, answers the Plaintiff's amended complaint as follows:

### Introduction

1. Defendant denies that Plaintiff has any cause(s) of action against Defendant under the United States Copyright Act of 1976 or under any other legislation or at common law.

2. Defendant has no personal knowledge of any of the movies referred to by Plaintiff and wholly denies downloading, copying and/or distributing any of the specified material.

3. Defendant denies liability for:

   - Direct copyright infringement in violation of 17 U.S.C. § 106 and 501; and
   - Contributory copyright infringement.

### Jurisdiction and Venue

1

4. Defendant denies that Plaintiff has any cause of action against him; however, he admits that this court has subject matter jurisdiction over matters involving federal questions and copyrights.

5. Defendant denies the allegations of this paragraph. Even if the IP address in question (69.246.247.149) was associated with the high-speed internet router located in Defendant's home on June 8, 2012, at 8:42 a.m., that fact would not give rise to jurisdiction over the Defendant's person. An IP address is not a person but a designation assigned to a piece of technology, which can be accessed by multiple individuals; in addition, in a process commonly known as "spoofing" an IP address can be stolen or misused as follows: other devices can be configured with the same IP address or an individual can utilize technology to make his or her own IP address to appear to be another IP address.

6. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves Plaintiff to its proofs.

Parties

7. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves Plaintiff to its proofs.

8. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves Plaintiff to its proofs.

9. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves Plaintiff to its proofs.

10. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves Plaintiff to its proofs.

11. Defendant has no personal knowledge of these facts and can neither confirm nor deny and leaves Plaintiff to its proofs.

12. Defendant admits that he is a resident of the state of Indiana. Defendant has no knowledge as to the IP address provided by Comcast.

13. Defendant denies the allegations of this paragraph. Plaintiff's definition is incomplete and misleading.

### Joinder

14. Defendant denies the allegations of this paragraph. Among other reasons, Plaintiff's Exhibit C demonstrates that the individual Defendants could not have, in fact, been involved in "the exact same torrent file" or having "act[ed] in concert with each other" as alleged by the Plaintiff, as Exhibit A asserts infringement by the individual Defendants as having occurred on seven distinct and separate dates. The factual situations of the three defendants are individual, separate, distinct and unique. Their legal defenses and counterclaims are similarly going to be individual, separate, distinct and unique. Furthermore, one of the Defendants, Charlie Tolley, is accused of downloading the files on 3/16/2012, two days before one of the allegedly infringed-upon works (Just the Two of Us, copyrighted 3/18/2012, Exhibit B) was even copyrighted, illustrating the importance of each Defendant's right to their own individual defense. Finally, Defendant denies ever using the BitTorrent protocol to download/infringe on any (including Plaintiff's) copyrighted material.

### Factual Background

*I.  Plaintiff Owns The Copyright to a Motion Picture (Defendant neither affirms nor denies this statement)*

15. Defendant has received a copy of the copyright registrations as set forth in Exhibit B.

16. As per the Plaintiff's complaint, Defendant will hereafter refer to the 15 copyrighted materials allegedly infringed upon as the "Works"

17. Defendant has no personal knowledge of these allegations and can neither confirm nor deny, and leaves Plaintiff to its proofs.

18. Defendant denies this paragraph to the extent that it alleges copyright infringement or any other unlawful or illegal conduct by the Defendant. Defendant denies ever using the BitTorrent protocol, therefore Defendant was unable to download/infringe upon Plaintiff's copyrighted material. Plaintiff has not provided any proofs that Defendant has ever downloaded, installed, and/or used BitTorrent or related protocols. Among all other reasons stated herein, Defendant was not awake on the date and at the time of the activity alleged by Exhibit A.

19. The Defendant denies this paragraph to the extent that it alleges copyright infringement or any other unlawful or illegal conduct by the Defendant. The Defendant would also like to bring the courts attention to the Plaintiffs assertion that "each infringement occurred after the registration date" and the accompanying evidence set forth in Exhibits A and B show that this is not the case, one of the alleged infringements occurred on 3/16/2012 (Exhibit A, Doe #3) while one of the works, Just the Two of Us, wasn't copyrighted until 3/18/2012 (Exhibit B, page 5); this is also clearly shown in Exhibit C on page 2 under Doe #3 (Tolley). This seriously undermines the validity of the Plaintiffs claim.

## II. Defendants Used BitTorrent To Infringe Plaintiff's Copyright (Defendant denies this statement)

20. Defendant has no personal knowledge of these allegations and can neither confirm nor deny, and leaves Plaintiff to its proofs. Defendant would like to bring to the court's attention that Wikipedia is in no way a legitimate or valid source as it is not peer-reviewed and anyone can alter information presented therein.

21. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

### A. Each Defendant Installed a BitTorrent Client onto his or her Computer (Defendant denies this statement)

22. Defendant denies the allegations of this paragraph.

23. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

24. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

### B. The Initial Seed, Torrent, Hash and Tracker

25. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

26. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

5

27. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology and its relation to Plaintiff's alleged copyrighted Works.

28. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

29. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

30. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

31. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology and its relation to Plaintiff's alleged copyrighted Works.

32. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

### C. Torrent Sites

33. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

34. Defendant wholly denies the allegations of this paragraph.

### D. Uploading and Downloading Works Through a BitTorrent Swarm

35. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

36. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology and its relation to Plaintiff's alleged copyrighted Works.

37. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology and its relation to Plaintiff's alleged copyrighted Works.

38. Defendant leaves Plaintiff to its proofs with regard to this description of BitTorrent technology.

39. Defendant denies the allegations of this paragraph. In addition, Plaintiff's own Exhibit A and Exhibit C demonstrates that the individual Defendants could not have been part of the same "swarm" as described by the Plaintiff.

40. Defendant leaves Plaintiff to its proofs with regard to this description of BitTarrent technology and its relation to Plaintiff's alleged copyrighted Works.

41. Defendant denies the allegations of this paragraph with regard to any alleged activity by the Defendant. As to the general process of participating in a BitTorrent, Defendant leaves Plaintiff to its proofs.


*E. Plaintiff's Computer Investigators Identified Each of the Defendants' IP Addresses as Participants in a Swarm That Was Distributing Plaintiff's Copyrighted Works (Defendant neither affirms nor denies this statement)*

42. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs. Upon information and belief, IPP will receive a portion of any judgment or settlement obtained by Plaintiff from these legal proceedings and as such has an improper financial interest in this litigation that taints its potential testimony.

43. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs. Upon information and belief, IPP will receive a portion

of any judgment or settlement obtained by Plaintiff from these legal proceedings and as such has an improper financial interest in this litigation that taints its potential testimony.

44. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs. Upon information and belief, IPP will receive a portion of any judgment or settlement obtained by Plaintiff from these legal proceedings and as such has an improper financial interest in this litigation that taints its potential testimony.

45. Defendant denies the allegations of this paragraph including subparts (A} and (B).

46. Defendant denies the allegations of this paragraph. Defendant would like to bring to the court's attention that the Plaintiff incorrectly, and without supporting evidence, implies that an IP address necessarily equals a Defendant in this paragraph.

47. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs. Upon information and belief, IPP will receive a portion of any judgment or settlement obtained by Plaintiff from these legal proceedings and as such has an improper financial interest in this litigation that taints its potential testimony.

48. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs. Upon information and belief, IPP will receive a portion of any judgment or settlement obtained by Plaintiff from these legal proceedings and as such has an improper financial interest in this litigation that taints its potential testimony.

### Miscellaneous

49. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs.

50. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs.

## Count I

### Direct Infringement Against Defendants

51. Defendant's denials and statements in response to paragraphs 1-50 are hereby incorporated as though fully set forth herein.

52. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs. Defendant also disputes the validity of Plaintiff's alleged copyrights as a matter of law.

53. Defendant denies the allegations of this paragraph.

54. Defendant has no knowledge as to the Plaintiff's explicit authorization or permission as to any downloads of the Works in question. However, by uploading them to the internet as they allege they have done in this Complaint, they implicitly authorized public access, downloading, copying, distributing, and other use of their Works. Defendant denies having participated in any activity by which Plaintiff's alleged copyrights were infringed.

55. Defendant denies the allegations of this paragraph, including subparagraphs (A) through (D).

56. Defendant denies the allegations of this paragraph.

57. Defendant denies the allegations of this paragraph. Defendant has not engaged in any activity that would harm the Plaintiff or in any way give rise to a cause of action as claimed herein or in any other manner.

WHEREFORE, Defendant respectfully requests that the Court:

(A) Find that the Plaintiff's Complaint is entirely without merit; and

(B) Immediately dismiss Plaintiff's Complaint, with prejudice; and

(C) Award Defendant his reasonable fees and costs of suit; and

(D) Grant Defendant such other and further relief as the Court may deem equitable and just.

## Count II

### Contributory Infringement Against Defendants

58. Defendant's denials and statements in response to paragraphs 1-57 are hereby incorporated as though fully set forth herein.

59. Defendant has no personal knowledge of these facts and can neither confirm nor deny, and leaves Plaintiff to its proofs.

60. Defendant denies the allegations of this paragraph.

61. Defendant denies the allegations of this paragraph.

62. Defendant has no knowledge as to the Plaintiff's explicit authorization or permission as to any downloads of the Works in question. However, by uploading them to the internet as they allege they have done in this Complaint, they implicitly authorized public access, downloading, copying, distributing, and other use of their Works. Defendant denies having participated in any activity by which Plaintiff's alleged copyrights were infringed.

63. Defendant denies the allegations of this paragraph.

64. Defendant denies the allegations of this paragraph.

65. Defendant denies the allegations of this paragraph.

66. Defendant denies the allegations of this paragraph.

67. Defendant denies the allegations of this paragraph. Defendant has not engaged in any activity that would harm the Plaintiff or in any way give rise to a cause of action as claimed herein or in any other manner.

WHEREFORE, Defendant respectfully requests that the Court:

(A) Find that the Plaintiff's Complaint is entirely without

merit; and

(B) Immediately dismiss Plaintiff's Complaint, with

prejudice; and

(C) Award Defendant his reasonable fees and costs of

suit; and

(D) Grant Defendant such other and further relief as the Court may deem

equitable and just.

## CERTIFICATE OF SERVICE

I hereby that a true copy of foregoing Answer has been served upon Plaintiff's attorney, Paul J. Nicoletti, Nicoletti & Associates, PLLC, 36880 Woodward Avenue, Suite 100, Bloomfield Hills, MI 48304, by certified mail, postage prepaid, this ___19___ day of November 2012.

Ernest Nurullaev

Defendant

1555 McCollough Dr.,

Indianapolis, IN 46260

phone: 317-937-8800