UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MCSWEENEY, CHARLIE TOLLEY, JEREMIAH MCKINNEY, JAMES HELFERICH, ERNEST NURULLAEVA, an JOHN DOE 1 and 7,<br><br>Defendants. | Civil Action No. 1:12-cv-00842 |

MEMORANDUM IN SUPPORT OF:
MOTION TO STRIKE

I.  **Introduction**

On August 2, 2013, the Plaintiff, Malibu Media, LLC ("Malibu") filed its Notice of Plaintiff's Election of Statutory Damages.  (the "Notice") (ECF Doc. 79).  However, Malibu simply cannot elect for statutory damages with regard to its compilation of films.  Thus, the election should be stricken, and the filing of further notices delayed until adequate discovery has been served and been complied with.

II.  **Legal Argument**

A.  Governing law

a.  statutory damages are allowable only with prior registration

A plaintiff, pursuant to § 504 of the Copyright Act, may elect to seek statutory damages rather than damages for lost profits or otherwise.  17 U.S.C. § 504(c)(1).  However, the Copyright Act does not allow plaintiffs to elect statutory damages, simply because they feel like it.  In fact, the Copyright Act only allows for such an election under certain circumstances.  Importantly, to the case at hand, a plaintiff must have registered the allegedly infringed work with the United States Copyright Office prior to the date of alleged infringement in order to seek statutory damages.  The Act, in part, states:

> . . . [N]o award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for—

. . .

(2)  any infringement of copyright commenced after first publication of the work and before the effective date of its registration. . .

17 U.S.C. § 412.

Section 412 of the Copyright Act bars an award of statutory damages when infringement commenced prior to registration.  When there is continuing infringement, courts have held that in determining whether or not a work is infringed prior to registration, the Court should consider commencement of infringement as taking place on the first date of infringement.  *Derek Andrew, Inc. v. Poof Apparel Corp.*, 528 F.3d 696, 700-01 (9th Cir., 2008), *quoting, Johnson v. Jones,* 149 F.3d 494, 506 (6th Cir. 1998) ("Every court to consider the issue has held that "infringement `commences' for the purposes of § 412 when the first act in a series of acts constituting continuing infringement occurs"); *accord, Whelan Assoc., Inc. v. Jaslow Dental Lab., Inc.* 609 F.Supp. 1325, 1331 (E.D.Pa. 1985) ("Interpreting `commencement of infringement' as the time when the first act of infringement in a series of on-going discrete infringements occurs ... would best promote the early registration of a copyright.").  This first date of infringement is the first act in a series of acts.  *Id.*

b.   by combining works, there is only one work for the purposes of statutory damages

There is a one-grant-of-statutory-damages limitation in the Copyright Act.  The last sentence of § 504(c)(1) states that, in determining the number of statutory damage grants that can be awarded, "all the parts of a compilation or derivative work constitute one work."  17 U.S.C. §504(c)(1).[1]  For example, if ten individually copyrighted songs were placed on a single CD by a plaintiff, and a defendant illegally copied that CD, the Plaintiff would be allowed only one statutory damage award.   *See,  Venegas-Hernandez v. Sonolux Records,* 370 F.3d 183, 192-93 (1st Cir.2004); *Mason v. Montgomery Data, Inc.,* 967 F.2d 135, 143-44 (5th Cir. 1992); *accord, Twin Peaks Prods., Inc. v. Publ'ns Int'l, Ltd.,* 996 F.2d 1366, 1381 (2d Cir.1993).

B.   Swarm-joinder & BitTorrent litigation

---

[1] The House Report for the 1976 Copyright Act stated, "Where the suit involves infringement of more than one separate and independent work, minimum statutory damages for each work must be awarded. For example, if one defendant has infringed three copyrighted works, the copyright owner is entitled to statutory damages of at least $750 and may be awarded up to $30,000. Subsection (c)(1) makes clear,

In the case at hand, Malibu went to great lengths to demonstrate the interdependent nature of BitTorrent swarms.  *See,* Pltf's Comp., ¶¶ 11, 17 – 37.  In doing so, Malibu has essentially claimed that the large, amorphous, swarm of alleged infringers were constantly infringing by simultaneously downloading and uploading to each other. In fact they are alleged to be "working together" in the swarm to accomplish the infringement.  *Id.*, ¶ 35.  This swarm is identifiable by its Hash Number BE309EAAEA62390FF5E35F4B018E7D1C89C51A30. *Id.,* ¶ 41.

The date of detection of alleged infringement is not the earliest date of infringement.  In fact, the infringement necessarily has to come before the detection.  This is because the alleged act of downloading a piece of the film has to be performed prior to being able to upload that same piece to others.  *See, Id.*, ¶ 37.  The way that IPP, Ltd. detected infringement was by attempting to download from the Defendants, who allegedly uploaded to IPP.  *Id.*  Thus, when IPP, Ltd. detected infringement, the Defendants had infringed well beforehand, having downloaded that same piece first.

It should be noted that this particular Hash Number – identifying a particular world-wide group of people, allegedly infringing the same film, the same way, together – has been used to sue different groups of people across the country.[2]  This demonstrates that the infringement that allegedly occurred here in the Southern District of Indiana was possibly detected, and the infringement occurring, well before the dates of detection in this particular case.[3]

C.  Application to the case at bar

Malibu's blanket statement that it is seeking statutory damages is inappropriate.  There is only a single work for the purposes of statutory damages.  This coupled with the fact that this very action had a detected infringement prior to registration of the film shows there can be no statutory damages.  Additionally, even if this Court decided that only the single film is ineligible for statutory damages, it is likely that compliance with discovery will yield additional ineligible titles.

a.  there is only a single work for the purposes of statutory damages

---

[2] For example, eight Does were sued in Florida for infringement being detected in the same swarm in July and August of 2012.  *Malibu Media v. Does 1 – 8*, Case No. 8:12-cv-01822-JDW-MAP (ECF Doc. 1-2) (M.D. Fla Aug. 3, 2012).
[3] Unfortunately, Helferich cannot point to any earlier cases due to the ongoing discovery dispute in this matter.

"[A]ll the parts of a compilation or derivative work constitute one work."  17 U.S.C. §504(c)(1).  Malibu runs websites.  Similar to an artist placing several individually copyrighted songs on a CD, Malibu has voluntarily and purposefully placed numerous pornographic films onto a single website.  In doing so, it creates compilations.  By Malibu's admission, it is a compilation – the so-called "site-rip" – that was infringed.  *See,* Comp., ¶ 2, 14.  Thus, there is only a single infringement for the purposes of statutory damages, and this Court should interpret the Notice and Complaint accordingly.

b.  at least one film is ineligible for statutory damages, thus the entire work is not eligible

Malibu filed its Notice in a blanket manner.  It did not delineate what specific films it purports to elect for statutory damages.  (ECF Doc. 79).  Rather, it appears that Malibu seeks statutory damages for each and every individual film.  While discovery is ongoing, and currently in dispute, it is facially evident that at least one film is not eligible for statutory damages.

Malibu purports to seek statutory damages for "The Girl in my Shower."  (ECF Doc. 1-2, p. 13).  That particular film was, on the face of the Complaint, first published on October 23, 2009.  *Id.*  It was not registered until March 30, 2012.  *Id.*  Malibu has chosen to bring this action based upon a theory of swarm-joinder.  In doing so, Malibu alleges all of the Defendants acted together, and necessarily needed each others' earlier infringements to violate Malibu's rights.  *See,* Pltf's Comp., ¶¶ 11, 17 – 37.  Accordingly, Malibu has purposefully elected to bring its action under a theory that it knows necessarily requires continuing infringement to be viable.  Therefore, this Court is to look to the "first in the series of acts" that constituted the continuing infringement alleged in Malibu's Complaint.  *See, Derek Andrew, Inc.*, 528 F.3d at 700-01.  In doing so, this Court will find that the election to statutory damages is meritless and without any basis in law.

Without even looking at the multitudes of cases in other district courts involving the same Hash Number – which would likely show an even earlier date of detected infringement,[4] – the compiled Work was detected, in this action, as being infringed as early as March 16, 2012 by Charlie Tolley.[5]  (ECF Doc. 18-3).  Thus, within this very

---

[4] Itself being necessarily later than the actual date of alleged infringement.

[5] A review of this case, and other cases, shows that Malibu's date of infringement is nothing more than the first detected incident of infringement.  Furthermore, it is evident that IPP took a single look at each Defendant, as indicated by the date of infringement being

action, there was a <u>detected</u> infringement well before the registration date.  Necessarily, there was an even earlier alleged infringement that took place – the downloading of the piece of film later uploaded to IPP.

When considering statutory damages, this Court is to treat a compilation created by the Plaintiff as a single work.  17 U.S.C. §504(c)(1).  Here, a portion of the work is not eligible for statutory damages.  When treating the whole compilation – the "site-rip" – as a single work, as the Act mandates, the entirety of the films, all being part of the same compilation, are necessarily not eligible for statutory damages.

As shown, Malibu has elected for statutory damages when it is not entitled to them.  Accordingly, its election should be stricken.

> c.       more films likely ineligible for statutory damages

Assuming, *arguendo*, that this Court finds that only one of the films is ineligible for statutory damages, it is likely that discovery[6] will ferret out more films infringed prior to their date of registration.  This discovery, seeking all cases filed by Malibu involving this Hash Number, and other data from those cases, could show earlier infringements of the "site-rip."  Discovery could also show the IPP knew of earlier infringements that are not subject to any suits.  Thus, any election of statutory damages would be premature until discovery has been completed in this action.  Being premature, the Notice should be stricken.

## III. Conclusion

For these reasons, Malibu is not entitled to seek statutory damages in this case.  Accordingly, Defendant James Helferich respectfully requests that this Honorable Court grant the relief sought in his Motion.

---

singular.  As indicated earlier, before IPP could have detected an upload, the alleged infringer would have had to download the same piece of the film.  Thus, it is likely that the alleged infringers infringed well before the date listed by Malibu.

[6] Unfortunately, Helferich is unable to point to any specific instances of earlier detected infringement, as, despite numerous attempts at reaching accord, Malibu is obstinate in its refusal to turn over such information.  This is the subject of the upcoming Local Rule 37-1 conference on August 15, 2013.

Dated:   August 12, 2013                          Respectfully submitted,


                                                  /s/ Jonathan LA Phillips
                                                  Jonathan LA Phillips
                                                  *One of Helferich's attorneys*
                                                  Shay Kepple Phillips, Ltd
                                                  456 Fulton St.
                                                  Ste. 255
                                                  Peoria, Illinois 61602
                                                  309.494.6155 (p)
                                                  309.494.6156 (f)
                                                  jphillips@skplawyers.com

## CERTIFICATE OF SERVICE

I certify that on August 12, 2013 a copy of the foregoing Memorandum in Support of Motion to Strike was served to all relevant parties by:

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
36880 Woodward Ave.
Suite 100
Bloomfield Hills, MI 48304
*Attorneys for Plaintiffs*
By Electronic Means of Filing through ECF.

James Dimos
Frost Brown Todd LLC
201 North Illinois Street, Suite 1900
Indianapolis, IN 46244-0961
*Limited counsel for Ernest Nurullaeva*
By Electronic Means of Filing through ECF.

ERNEST NURULLAEVA
1555 McCollough Drive
Indianapolis, IN 46260
*Pro se*
By US Mail

                                                  /s/ Jonathan LA Phillips
                                                  Jonathan LA Phillips
                                                  Shay Kepple Phillips, Ltd
                                                  456 Fulton St.
                                                  Ste. 255
                                                  Peoria, Illinois 61602
                                                  309.494.6155 (p)
                                                  309.494.6156 (f)
                                                  jphillips@skplawyers.com