UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC<br><br>Plaintiff,<br><br>v.<br><br>STEPHEN MCSWEENEY, CHARLIE TOLLEY, JEREMIAH MCKINNEY, JAMES HELFERICH, ERNEST NURULLAEVA, an JOHN DOE 1 and 7,<br><br>Defendants. | Civil Action No. 1:12-cv-00842-TWP-MJD |

**MEMORANDUM IN SUPPORT OF
MOTION FOR ORDER AWARDING COSTS, INCLUDING ATTORNEY'S FEES
PURSUANT TO 17 U.S.C. § 505 & FED. R. CIV. P.  54(d)(1)**

I.   Introduction

Malibu Media, LLC ("Malibu") has filed hundreds of suits, across the country, which are variations of the present suit.  It has only taken one such case to "trial."[1]  Typically, upon facing opposition, BitTorrent plaintiffs, such as Malibu, cut-and-run.

Here, Malibu has done just that.  Further, it appears to be attempting to exploit case specific loophole in trying to sneak out the backdoor of the Courthouse without doing what is just – paying Helferich's costs, including attorney's fees.  Malibu has dismissed this case, albeit without prejudice, against Helferich, and with prejudice as to the only other remaining Defendant, Mr. Nurulleava.  Despite the nature of the dismissal, Helferich is a prevailing party and should be awarded his all of his costs, including attorney's fees pursuant to 17 U.S.C. § 505 and Federal Rule of Civil Procedure 54(d)(1).

II.   Procedural History

---

[1] Taking a single case out of nearly one thousand to a "bellwether trial" where no cross-examination was had, with one Defendant who engaged in spoliation of evidence and lying under oath, with two other Defendants admitting liability and only going to trial on damages cannot be called a full trial. *See, Malibu Media v. Does*, Case No. 12-cv-2078 (ECF

On or about June 18, 2012, the Plaintiff, through its Counsel, Paul Nicoletti, Esq., filed its Complaint against an innocent Helferich. (ECF Doc. 1). Upon identifying the name of the person paying the Internet bill, and despite operating on a mere hunch, an Amended Complaint was filed against Helferich on or about October 13, 2012. (ECF Doc. 18). Helferich did not participate in the case because he was never served. (ECF Doc. 67-2). Unfortunately, the incorrect affidavit of service having been filed, this Court entered a Default Judgment against him. Later, after securing counsel, Helferich immediately informed Malibu of his innocence through a detailed and specific declaration, filed with his Motion to Vacate Default. (ECF Docs. 67, 67-2). The Motion to Vacate was unopposed. (ECF Doc. 69).

This Court never ruled on Helferich's Motion to Vacate Default Judgment, filed May 21, 2013, but allowed Helferich to participate in discovery so as to preserve case management deadlines. (ECF Doc. 68). Helferich justifiably anticipated that an Order would be entered vacating the judgment and allowing him to file his Answer and proceed in the case. On June 26, 2013 and again on August 20, 2013, during status conferences, the Court was reminded of the pending Motion to Vacate.

After a discovery dispute, and mediation of the same pursuant to Local Rule 37-1, Malibu Media cut-and-run for the back door by filing a Notice of Voluntary Dismissal. (ECF Doc. 89). The ability of Malibu to unilaterally dismiss Helferich was available because Helferich had not filed an Answer.[2]

III. **Applicable Law**

Pursuant to the Copyright Act, this court "may allow the recovery of full costs by or against any party . . . the court may also award a reasonable attorney's fee to the prevailing party <u>as part of</u>

---

[2] If the unopposed Motion to Vacate would have been granted, Helferich would have immediately filed an Answer. In doing so, he would not have allowed Malibu to exit the Courthouse through the back door by use of notice dismissal and Malibu would have required agreement from Helferich or court approval with possible conditions on dismissal.

the costs." 17 U.S.C. § 505. (emphasis added). Federal Rule of Civil Procedure 54(d)(1) dictates that this Court may award attorney's fees when authorized by statute, such as the Copyright Act.

Section 505 of the Copyright Act applies equally to defendants as it does to Plaintiffs. *Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994). The Seventh Circuit has held that prevailing defendants are presumptively entitled to their attorney's fees in copyright actions. *Riviera Distributors, Inc. v. Jones,* 517 F.3d 926, 928 (7th Cir. 2008) (awarding attorney's fees to a dismissed defendant pursuant to 17 U.S.C. § 505); *Assessment Technologies of Wisconsin, LLC v. Wire Data Inc.,* 361 F.3d 434, 436 (7th Cir. 2004) (holding that the presumption of awarding fees to a prevailing defendant is "very strong" so as to prevent a "party [to be] forced into a nuisance settlement or deterred altogether from exercising his rights.").

Courts, including the Supreme Court, have held that a voluntary dismissal without prejudice does not deprive a district court of its authority to award costs. *Cooter & Gell v. Hartmax Corp.,* 496 U.S. 384, 395 (1990); *See also, Sequa Corp. v. Cooper*, 245 F.3d 1036, 1037-38 (8th Cir. 2001) (affirming the award of attorney's fees to a notice dismissed defendant after "discovery battles and other skirmishes, but before service of an answer or a motion for summary judgment").

**IV. Argument**

    A. <u>Malibu is exploiting a loophole in this case to attempt to cut-and-run without consequence</u>

Admittedly, Helferich was dismissed without prejudice, unilaterally and without the opportunity to have it conditioned on the payment of fees. It is true, that if a defendant wants to prevent notice dismissal as a matter of right, it must file an answer or motion for summary judgment. *See, Merit Ins. Co. v. Leatherby Ins. Co.,* 581 F.2d 137, 143 (7th Cir. 1978). However, the theory allowing for unilateral notice dismissal is premised upon the idea that after answers or motions for summary judgment, a defendant is actively engaged in the litigation and he or she is

3

entitled to have his or her case adjudicated. *Exxon Corp. v. Maryland Gas Co.,* 599 F.2d 659, 661 (5th Cir. 1971). In fact, in the *Merit Ins.* case, the Seventh Circuit noted that "'so long as the defendant <u>elects</u> to abstain from the decisive joining of issue' by answer or motion for summary judgment, the plaintiff is still entitled to dismissal by notice as a matter of right." *Merit Ins. Co.*, 581 F.2d at 143, *quoting*, *Wilson & Co. v. Fremont Cake & Meal Co.,* 83 F.Supp 900, 904 (D. Neb. 1949) (emphasis added).

It is evident that this case is a horse of a different color. There wasn't a "mere institution of discovery." *Id*. As discussed above, discovery was supplemented, Malibu's refusal to answer discovery resulted in a dispute requiring mediation that occurred pursuant to Local Rule 37-1. Helferich did not "elect to abstain" from filing an answer, he was simply barred from doing so pending the resolution of his Motion to Vacate. Further, Helferich was "actively engaged" in the litigation. For example, Malibu's inappropriate filing of a Notice of Election to Statutory Damages necessitated motion practice necessary to strike the same. Further, Helferich retained and paid for the services of an expert witness.

Helferich was active enough in this case to have the costs of the litigation come near or exceed $10,000.00. He was justified in doing so while awaiting an order on his Motion to Vacate, as the Court allowed him to carry on with discovery, so as to maintain discovery deadlines, and the Motion was unopposed.

If notice dismissal were not available to Malibu, this court could properly condition the dismissal without prejudice on payment of attorney's fees to Helferich. *See, e.g. Cauley v. Wilson*, 754 F.2d 769 (7th Cir. 1985). However, the Court can still award costs and attorney's fees. For example, the Eighth Circuit has affirmed fees awarded in a very similar situation. *See, Sequa Corp.*, 245 F.3d at 1037-38 (affirming the award of attorney's fees to a notice dismissed defendant after "discovery battles and other skirmishes, but before service of an answer or a motion for

4

summary judgment"). Helferich is not at fault for failing to file an Answer; he was simply barred from doing so pending the resolution of a motion. For these reasons, this Court should consider Helferich a prevailing party in this case and award him attorney's fees and costs.

    B. <u>Because Malibu threw in the towel, Helferich is the prevailing party</u>

"That this came about when [Plaintiff] threw in the towel does not make [Defendant] less the victor." *Riviera Distributors*, 517 F.3d at 928. A review of the history of this case will show that Malibu was beaten and threw in the towel rather than suffer a motion for summary judgment or trial. Malibu threw in the towel because it should have never brought a claim against Helferich in the first place.

Immediately upon participating in the case, Helferich filed a declaration showing that he could not have been the infringer. (ECF Doc. 67-2). This declaration was not a mere denial, but provided specific sworn statements that were indicative of his innocence. While answering Malibu's discovery, it had to have become apparent that to Malibu that its case was unsustainable. Malibu was served with discovery responses that unequivocally indicated Helferich's innocence and the extent of his wireless router's range, indicating that a neighbor was likely responsible. *See*, Exhibits A, B, & C. At the same time, Malibu's election to statutory damages was under attack[3] and discovery that Malibu was attempting to avoid[4] answering had been mediated and was coming due.

Thus, the timing of the dismissal indicates that Malibu was beat and threw in the towel. Helferich showed his innocence to Malibu, and it dismissed him. Helferich is the prevailing party and should be awarded his attorney's fees and costs.

---

[3] It is respectfully suggested that if it were concluded, by this Court, that Malibu was not entitled to statutory damages, pursuing these actions would not be sustainable.

[4] It is respectfully put forth for consideration that Malibu and its attorney are attempting to avoid discovery in other cases before this Court. *See, e.g. Malibu Media LLC v. Michael Harris & Michael Harrison*, Case No. 1:12-cv-01117-WTL-MJD (ECF Doc. 118) (July 30, 2013).

C. <u>The Seventh Circuit's rationale in awarding attorney's fees to prevailing defendants in copyright cases indicates that attorney's fees should be awarded in this case</u>

Throughout the courts of this country, it has been judicially recognized that Malibu, and other BitTorrent plaintiffs, are bringing their claims for the purpose of extracting settlements and without intent to actually litigate their cases. *See, e.g., Third Degree Films, Inc.,* 2012 U.S. Dist. LEXIS 59233, *11-12 (D. Md. Apr. 27, 2012) (recognizing "almost all end in settlement and few, if any, are resolved on their merits.") *citing, SBO Pictures, Inc. v. Does 1-3036*, Case No. 11-cv-4220 SC, 2011 U.S. Dist. LEXIS 137361, *10-12 (N.D. Cal. Nov. 30, 2011); *Malibu Media LLC v. John Does 1-10,* Case No. 12-cv-03623 (ECF Doc. 7 at 6), 2012 U.S. Dist. LEXIS 89286 at *8-9 (C.D. Cal. June 27, 2012) ("The federal courts are not cogs in a plaintiff's copyright-enforcement business model. The Court will not idly watch what is essentially an extortion scheme, for a case that plaintiff has no intention of bringing to a trial."). Judge Otis Wright, of the Central District of California, noted that part of many BitTorrent plaintiffs' "plundering [of] the citizenry," is done by "offer[ing] to settle – for a sum calculated to be just below the cost of a bare-bones defense." *Ingenuity 13, LLC v. John Doe*, Order Issuing Sanctions, 2:12-cv-8333-ODW (C.D. Cal May 6, 2013). This very Court has indicated it shares similar concerns about BitTorrent plaintiffs. *See, e.g. Malibu Media LLC v. Does 1-5*, Case No. 1:12-cv-1680-SEB-MJD, Order, p. 1 (Jan. 23, 2013) (citing cases from across the country).

As noted above, Malibu has taken only one case, out of hundreds – a slam dunk with spoliation of evidence and false statements from Defendants, two of which admitted infringement, to a bellwether trial that had no cross examination. *Malibu Media LLC v. John Does*, Case No. 5:12-cv-02088 (E.D. Pa). Any assertion that Malibu litigates its cases and takes them to trial, based upon that bellwether trial, is without credibility. That single case, out of hundreds, cannot be said to be indicative of anything other than Malibu will try a sure-fire case once when forced to. For

example, facing meaningful opposition in another case before this very Court, Malibu and its attorney Paul Nicoletti, cut-and-run. *Patrick Collins, Inc. v. Oldland, et al.*, Case No. 1:12-cv-844-TWP-MJD (ECF Docs. 77, 81) (S.D. Ind.) (appearing later attempt to vacate the same dismissal, apparently when attorney's fees were being sought).

The case law instructs that this Court should not condone Malibu's behavior. The Court should allow Malibu it to run up innocent persons legal expenses when they refuse to pay nuisance value settlements, and follow by not allowing them the opportunity to recoup those expenses. When sued for copyright infringement, innocent defendants can expect "not [even] a small award, but no award." *Assessment Technologies of Wisconsin, LLC,* 361 F.3d at 436. In that case, the Seventh Circuit made it abundantly clear that the reason for presumptively awarding attorney's fees to prevailing defendants is to prevent innocents from paying nuisance value settlements when they may concerned that fighting the meritless claim will actually cost more that the settlement. *Id.*

Malibu's entire business-litigation model is premised on this Court not following through with the instructions of the Seventh Circuit in cases such as *Assessment Technologies*. If defendants are unable to recoup their costs in cases such as this, Malibu will have absolutely no incentive, other than paying a single $400.00 filing fee for each group of Does it sues, to treat the federal courts as anything but a publicly-subsidized cog in its settlement churning machine. Likewise, innocent defendants will have no incentive to exercise their rights and spend more money than they could have settled for. With these special concerns, it is evident that attorney's fees, expert costs, and regular costs should be awarded in this case.

    D. <u>Despite the dismissal being without prejudice, Malibu will not be prejudiced by being forced to pay attorney's fees today, while Helferich will be prejudiced if such an order is not entered</u>

The dismissal in this case is without prejudice. Malibu could, if it chose to, refile against Helferich. Helferich still contends that he is a prevailing party and that Malibu will not be prejudiced by an Order forcing it to pay his attorney's fees now, versus later.

Under the Federal Rules, if Malibu chose to refile, it would likely have to pay Helferich's costs. Fed. R. Civ. P. 41(d)(1). Under the Copyright Act and case law, costs are to include attorney's fees. 17 U.S.C. § 505. Thus, if Malibu were to refile, it would have to pay Helferich's attorney's fees at that time. Further, Malibu is a company with, admittedly, tremendous revenue to make such a payment at this time. One of its owners has filed a declaration, in this very Court, admitting the same. See Exhibit D. Therefore, Malibu is not prejudiced by being ordered to pay fees now versus later – upon re-filing or the statute of limitations running.

Conversely, Helferich will be prejudiced if fees are not ordered to be paid now. Helferich is not a company that has the funds to litigate hundreds of cases across the country while furthering its litigation-business model with settlement proceeds. He is an individual of limited means. Forcing Helferich to wait until Malibu refiles, or until the statute of limitations has run on this alleged infringement, thus disallowing refiling, only places financial strain on him and his family. Additionally, there is the real possibility that Malibu may waste away funds to pay attorney's fees in this case.

For these reasons, it is respectfully submitted that Helferich should be awarded costs, including attorney's fees now, versus when the statute of limitations has run. In the alternative, Malibu should have to post bond for the amount of attorney's fees in order to prevent the wasting of funds needed to satisfy such an order in the future.

**V.   Conclusion**

For the above reasons, it is respectfully submitted that the relief sought in the Motion be granted.

Dated:   September 12, 2013		Respectfully submitted,

/s/ Jonathan LA Phillips
Jonathan LA Phillips
*One of Helferich's Attorneys*
Shay Kepple Phillips, Ltd
456 Fulton St.
Ste. 255
Peoria, Illinois 61602
309.494.6155 (p)
309.494.6156 (f)
jphillips@skplawyers.com

## CERTIFICATE OF SERVICE

I certify that on September 12, 2013 a copy of the foregoing Memorandum in Support of Motion for Order Awarding Costs, Including Attorney's Fees was served to all relevant parties by:

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
36880 Woodward Ave.
Suite 100
Bloomfield Hills, MI 48304
*Attorneys for Plaintiffs*
By Electronic Means of Filing through ECF.

/s/ Jonathan LA Phillips
Jonathan LA Phillips
Shay Kepple Phillips, Ltd
456 Fulton St.
Ste. 255
Peoria, Illinois 61602
309.494.6155 (p)
309.494.6156 (f)
jphillips@skplawyers.com