UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

-----------------------------------------------------------------X
                                         :

MALIBU MEDIA, LLC,                 :

                                  :      Civil Action No. <u>2012-2078</u>

                Plaintiff,      :

                                  :      Consolidated from Cases:

              vs.               :      2:12-cv-02078-MMB

                                  :      2:12-cv-02084-MMB

JOHN DOES 1, 6, 13, 14, and 16,      :      5:12-cv-02088-MMB

                                  :

               Defendants.    :

                                  :
-----------------------------------------------------------------X

**PLAINTIFF'S MOTION FOR SANCTIONS AGAINST JOHN DOE 16 BASED UPON HIS DEMONSTRABLY PROVABLE PERJURY IN FURTHERANCE OF HIS FRAUD**

I.      <u>INTRODUCTION</u>

Your Honor began the Bellwether trial with an analogy to Verdi's classic, A Masked Ball. John Doe 16's perjury and fraud call to mind another classic analogy, from Dante:

> And he came on, that filthy effigy
> of fraud, and landed with his head and torso
> but did not draw his tail onto the bank.
> The face he wore was that of a just man,
> So gracious was his features' outer semblance;
> And all his trunk, the body of a serpant.
> (*Inf.* XVII, 7-24)

Through great effort, Plaintiff has hauled the filthy effigy of fraud out from the sea and exposed "all his trunk," so the Court can see "the body of the serpant."

On May 22, 2013, Plaintiff filed a Motion for Sanctions based upon John Doe 16's deletion of evidence from his computer and fabrication of phony evidence which he placed on his computer. Central to this Motion is Plaintiff's assertion that John Doe 16 installed Windows onto his desktop computer on November 11, 2012 – just three (3) days after Plaintiff propounded

1

# EXHIBIT A

a request for documents seeking full and complete copies of all of the hard drives in John Doe 16's home.

Instead of admitting his fraud, on May 23, 2013 and on May 30, 2013, John Doe 16 committed perjury by expressly denying that he installed Windows onto his desktop on November 11, 2012.  As explained below, Microsoft's business records demonstrate that John Doe 16 activated Windows on November 11, 2012.   Further, the computer clock powered by Windows on John Doe 16's desktop, as well as the computer clock powered by Unix on John Doe 16's desktop, indicate that Windows was installed on November 11, 2012.  Additionally, John Doe 16's other computer, his laptop, which he named "Squeaky," indicates that its operating system – Linux – was installed on November 11, 2012.

Two computers, three clocks, and Microsoft conclusively establish that John Doe 16 committed perjury.  And, John Doe 16's perjury is clearly aimed at advancing his scheme to defraud Plaintiff and this Court.  Having committed perjury and fraud, nothing that John Doe 16 has said is credible.  Similarly, nothing that John Doe 16 may say in the future will be credible.

For these reasons, as set forth below, this Court should enter the harshest sanctions against John Doe 16 allowed under the law, including referring this matter to the Department of Justice so that it may pursue criminal charges for perjury.

II.    **FACTS**

At the May 23, 2013 hearing, John Doe 16 testified that he did not install Windows onto his desktop on November 11, 2012.  On May 30, 2013, during his cross examination, despite overwhelming computer evidence, John Doe 16 repeatedly denied installing Windows onto his desktop on November 11, 2012.

### A.   Microsoft's Records Indicate that John Doe 16's Windows Was Activated on November 11, 2012

By way of background, after a person loads Windows onto a computer, that person has to type in the License Key into his or her computer and then must follow the prompt from Windows which causes the person's computer to connect to Microsoft.  Microsoft then automatically checks the validity of the License Key.  If the License Key is valid, Microsoft will then activate Windows.

Prior to the May 30, 2013 hearing, Plaintiff's expert, Patrick Paige, extracted the license key used by John Doe 16 to activate Windows.  *See* Declaration of Patrick Paige at ¶ 2, attached hereto as Exhibit "D."   The License Key is DDVWX-HYFTK-FBRMJ-9XCJ9-7QWWM.  *Id.* Mr. Paige asked undersigned to task an LEB employee with calling Microsoft for the purpose of inquiring about when John Doe 16 activated Windows.  An attorney at undersigned's office called Microsoft at 1-800-936-5700.  *See* Declaration of Emilie Kennedy at ¶ 3, attached hereto as Exhibit "E."   The attorney asked if the License Key was authentic.  *Id.*  Microsoft's employee confirmed the key was authentic.  *Id.* at ¶ 4.  The attorney then asked when the License Key was first used to activate Windows.  *Id.* at ¶ 5.  Microsoft's employee stated the License Key was first used to activate Windows in 2009.  *Id.* at ¶ 6.  The attorney then asked Microsoft's employee if he could be any more specific.  *Id.* at ¶ 7.  Microsoft's employee said that there was a six (6) in front of 2009.  *Id.*   The attorney assumed that meant Windows was first activated in June of 2009.  *Id.* at ¶ 8.

On May 31, 2013, Patrick Paige personally called Microsoft.  *See* Declaration of Patrick Paige at ¶ 3.  He spoke to a man who identified himself as Angelo.  *Id.* at ¶ 4.  Angelo explained that John Doe 16's License Key was first used to activate Windows on December 6, 2009.  *Id.* at ¶ 5.  Significantly, however, Angelo also stated that the License Key was *last* used to active

Windows on November 11, 2012. *Id.* at ¶ 6.  This means that on November 11, 2012, John Doe 16's computer connected to Microsoft for the purpose of activating Windows.  Thus, Microsoft's records conclusively establish that John Doe 16's Windows was last activated on November 11, 2012.

**B.  John Doe 16's Perjured Testimony**

Excerpted below are instances wherein John Doe 16 perjured himself:

**THE COURT:**        All right.  Do you have any – he said he had evidence that there was a date change – do you have any comment on that?

**THE WITNESS:**      No, I don't.

**THE COURT:**        All right.

**THE WITNESS:**      I did not make any changes to the hard drive on the 11th of November for instance.  I made no changes to the operating system.

*See Transcript of Hearing on May 23, 2013, at 178: 2-9*.

**DEPOSITION ANSWER:**   . . .the operating system was not installed on the 11th of November of 2012.

*See Deposition of John Doe 16 on May 30, 2013, at 40:6-7*.

**DEPOSITION ANSWER:**  I do not maintain that that is when [11/11/12] the operating system was installed, however.  I maintain that those files, those dates, everything you've shown me so far indicates to me that those numbers are junk.

*Id. at 79:18-22*.

**C.      The Real Facts**

1.      Microsoft's records indicate that John Doe 16's License Key for the Windows he installed on his desktop was last used to activate Windows on 11/11/12.  *See* Declaration of Patrick Paige at ¶ 6.

2.      Microsoft's Windows clock in John Doe 16's desktop shows that Windows was put onto the 1 terabyte hard drive on 11/11/12.  *See* Exhibit "A," and the Exhibits attached thereto.

3.      Microsoft's Windows clock in John Doe 16's desktop shows that Windows was put onto the solid state drive on 11/11/12.  *See* Exhibit "B," and the Exhibit attached thereto.

4.      The Unix clock in John Doe 16's desktop shows that Windows was installed on 11/11/12.  *See* Exhibit "B," and the Exhibit attached thereto.

5.      The files which correlate to the boot system for Linux on John Doe 16's laptop "Squeaky" indicate that Linux was installed onto Squeaky on 11/11/12.  *See* Exhibit "C," and the Exhibit attached thereto.

[REMAINDER OF PAGE LEFT INTENTIONALLY BLANK]

**D. John Doe 16's Shifting Explanations Demonstrate a Pervasive Intent to Mislead**

John Doe 16's shifting explanations about the evidence demonstrate he was intentionally concocting theories upon which to base his perjured testimony.   Ultimately, during cross examination, one week later, John Doe 16 admitted that he could not concoct a plausible explanation.   Nevertheless, he tried awfully hard to do so when being questioned by your Honor.

| Original Perjured Explanation | New Non-Explanation Or "Junk" Explanation |
|---|---|
| **THE COURT:**  What's your explanation as to why they're not correct? <br><br> [Lines 9-15 deleted because they were devoted to asking John Doe 16 to move to the microphone.] <br><br> **THE WITNESS:** I believe what happened is when I installed the operating system, there was a discrepancy in the date and time.  Linux and Unix use slightly different ways of recording the time on the computer's hardware.  There's a time clock built into the computer.  It runs all the time, even when it's off. <br><br> When I installed that operating system, I noticed that it was different and in a rather lazy sort of a way, I smacked the 1 and 2 keys a couple times, installed the operating system | **A:**  Okay.  165, line sixteen, The Witness, my words: I believe what happened.  And, I'm going to stop there for a moment and remind you that what I said is "I believe what happened", and that was based upon a day or two of trying to figure out what might have happened while doing many, many other things at the same time.   And I don't believe I am correct.  It was merely some supposition as to what may have happened.   Looking a little deeper, I've come to the conclusion that I don't have the faintest idea what really happened. <br><br> *See Deposition of John Doe 16 on May 30, 2013, at 36:6-17.* <br><br> **Q:**  Referring to the date on the desktop saying 11/11/12 as the first used date, you said, it was |

and unfortunately it's now come back to haunt me. [1]

*See Transcript of Hearing on May 23, 2013, at 165:7-25 and 166:1.*

**THE COURT:**  Okay, yes, go ahead.

**THE WITNESS:**  What I - - like I said, what I believe happened is when I installed the operating system, the date in the computer was wrong - -

**THE COURT:**  All right.

**THE WITNESS:**   - - it was wildly postdated. This was done back in - -

*Id. at 178:12-18.*

wildly postdated.  This was done - - you still believe it was wildly postdated; correct?

**A:**  No, not necessarily.  I just don't know what happened.

**Q:**  So, you did install it on 11/11/12 as it wasn't wildly postdated; is that now your testimony?

[Objection and comment deleted.]

**A:** No.

[Comment from opposing counsel deleted.]

**A:** No, I don't know what happened.

*Id. at 36:22-25 and 37:1-13.*

**A:**  . . . I don't know why the dates are what they are.  I do know that looking deeper into it the dates are not correct.

**Q:**  But you have no reason - - no explanation for why; correct?

**A:**  Based upon what I've observed, no.

*Id. at 40:8-14.*

---

[1] The Court will note that in the paragraph that starts with "When I installed that operating system . . ." Defendant did not qualify his assertion by stating, as he previously had, that he was testifying to what he "believed" had happened.  Instead, Defendant unequivocally asserts that he lazily installed the operating system by smacking the "1 and 2 keys a couple times."  Defendant was attempting to persuade the Court that this is what <u>actually</u> happened, instead of what he "believed" had happened.  He "believed" there was a discrepancy in the time and date but assuredly "smacked the 1 and 2 keys" and lazily installed the operating system.

|  | **Note:**   *See also,* pages 79-82 for instances where John Doe 16 resorts to calling his computer clocks "junk." |
|---|---|

## III.   LEGAL STANDARD

"False testimony in a formal proceeding is intolerable. We must neither reward nor condone such a 'flagrant affront' to the truth-seeking function of adversary proceedings." *ABF Freight Sys., Inc. v. N.L.R.B.*, 510 U.S. 317, 323, 114 S. Ct. 835, 839, 127 L. Ed. 2d 152 (1994). "In any proceeding, whether judicial or administrative, deliberate falsehoods 'well may affect the dearest concerns of the parties before a tribunal,' and may put the factfinder and parties 'to the disadvantage, hindrance, and delay of ultimately extracting the truth by cross examination, by extraneous investigation or other collateral means.'   Perjury should be severely sanctioned in appropriate cases."   *Id*. (internal citations omitted). "[T]he ability to sanction misconduct historically is tied to the need to vindicate the basic, fundamental obligation of all those who come before the Court to tell the truth." *Bartos v. Pennsylvania*, CIV.1:08-CV-0366, 2010 WL 1816674 (M.D. Pa. May 5, 2010).

The Third Circuit has stated that a District Court has "the inherent power to impose sanctions upon parties and their attorneys where they engage in bad faith conduct which abuses the judicial process."   *Rogal v. Am. Broad. Companies, Inc.*, 74 F.3d 40, 43 (3d Cir. 1996) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991)). "[T]he district court, in order to sanction [a party] for 'bad faith' conduct under *Chambers* based on his trial testimony, need not apply the standards that would be applicable at a criminal trial for perjury." *Id*. at 46. "[S]hould the

8

district court on remand again determine that Dr. Rogal's trial testimony was pervasively false or misleading and that he acted in bad faith, . . . sanctions . . . [are warranted]." *Id.*

## IV.    SANCTIONS ARE NECESSARY

### A.    Defendant Intentionally Lied to the Court and Again in Deposition

As described in Plaintiff's Motion for Sanctions Against John Doe 16 [CM/ECF 148], Defendant has shown a flagrant disregard for basic notions of fair play and instead sought to cheat, lie, and destroy evidence so that justice could not properly hold him accountable.  Even while being directly questioned by Your Honor, Defendant unabashedly perjured himself.

On cross, when Plaintiff asked him why all of his computer's clocks were incorrect, John Doe 16 continued to commit perjury by denying that he installed Windows onto his desktop on November 11, 2012.

### B.    John Doe 16 Violated 18 U.S.C. § 1621, Which Makes Perjury A Crime Punishable By Up to Five Years In Prison

Defendant's violated 18 U.S.C. § 1621, which makes perjury a crime punishable by up to five years in prison.  The statutes states:

> Whoever--**(1)** having taken an oath before a competent tribunal, officer, or person, in any case in which a law of the United States authorizes an oath to be administered, that he will testify, declare, depose, or certify truly, or that any written testimony, declaration, deposition, or certificate by him subscribed, is true, willfully and contrary to such oath states or subscribes any material matter which he does not believe to be true; or
>
> **(2)** in any declaration, certificate, verification, or statement under penalty of perjury as permitted under section 1746 of title 28, United States Code, willfully subscribes as true any material matter which he does not believe to be true;
> is guilty of perjury and shall, except as otherwise expressly provided by law, be fined under this title or imprisoned not more than five years, or both.

18 U.S.C. § 1621.

9

John Doe 16 lied under oath in a judicial proceeding. John Doe 16's perjured testimony was material. And, John Doe 16's perjured testimony was in the furtherance of a fraud he is attempting to perpetrate on Plaintiff and this Court. His actions are criminal.

As this Court knows, this case is being watched by many people, including defendants in similar cases around the country. It is the Bellwether Trial. The Court should send a loud and clear message to similarly situated John Doe Defendants that perjury and the deletion and fabrication of evidence will not be tolerated in United States District Courts. If this Court fails to sanction John Doe 16, it would send the exact opposite message. And, John Doe Defendants around the country would feel emboldened to commit perjury, destroy and fabricate evidence.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests the Court enter a sanctions order:

(A)    Summarily adjudging John Doe 16 liable for infringing Plaintiff's copyrights;

(B)    In the alternative to (A), instructing the jury that it must draw an adverse inference against Defendant;

(C)    Requiring John Doe 16 to pay Plaintiff's attorneys' fees and costs relating to Defendant's perjury and fraud;

(D)    Referring John Doe 16 to the Department of Justice for criminal prosecution; and

(E)    Granting Plaintiff any other and further relief this Court deems just and proper.

Dated: June 3, 2013.

Respectfully submitted,

LIPSCOMB, EISENBERG & BAKER, PL

By: /s/ *M. Keith Lipscomb*
M. Keith Lipscomb (Fla. Bar. No.429554)
klipscomb@lebfirm.com
LIPSCOMB, EISENBERG & BAKER, PL
2 South Biscayne Blvd.
Penthouse 3800
Miami, FL 33131
Telephone: (786) 431-2228
Facsimile: (786) 431-2229
ATTORNEYS FOR PLAINTIFF

and,

Christopher P. Fiore, Esquire
Aman M. Barber, III, Esquire
425 Main Street, Suite 200
Harleysville, PA 19438
Tel: (215) 256-0205
Fax: (215) 256-9205
Email: cfiore@fiorebarber.com
ATTORNEYS FOR PLAINTIFF

## CERTIFICATE OF SERVICE

I hereby certify that on June 3, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system.

By: /s/ *M. Keith Lipscomb*

11