UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MALIBU MEDIA, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) No. 1:12-cv-00842-TWP-MJD |
| JAMES HELFERICH, | ) |
| | ) |
| Defendant. | ) |

**REPORT AND RECOMMENDATION**

This matter is before the Court on Defendant Helferich's Motion to Issue Sanctions [Dkt. 90] under Federal Rule Civil Procedure ("Rule") 11 and 28 U.S.C. § 1927. For the reasons set forth below the Magistrate Judge recommends that the motion be **DENIED**.

Rule 11(c) permits a court to issue sanctions upon an attorney, law firm or party for violations committed under this rule. A motion made under Rule 11 must first be served upon the opposing party at least 21 days prior to filing the motion, allowing the opposing party an opportunity to correct or withdraw the conduct that allegedly violates Rule 11, also known as the twenty-one day safe harbor. Fed. R. Civ. P. 11(c)(2). That did not happen here. Helferich admits that he did not follow the twenty-one day safe harbor, but asks the Court to grant an exception in this case. However, Helferich does not provide any legal support for requesting such an exception. The Court also did not find any exception to the safe harbor provision; thus, the Court must recommend that Helferich's motion under Rule 11 be denied. *Fabriko Acquisition Corp. v. Prokos*, 536 F.3d 605, 610 (7th Cir. 2008); *Divane v. Krull Elec. Co., Inc.*, 200 F.3d 1020, 1025 (7th Cir. 1999) ("A court that imposes sanctions by motion without adhering to this twenty-one day safe harbor has abused its discretion.")

Although Helferich is foreclosed from pursuing sanctions under Rule 11, there is still the matter of whether Helferich can obtain sanctions under 28 U.S.C. § 1927. Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." An attorney acts unreasonably and vexatiously if that attorney "pursues a path that a reasonably careful attorney would have known, after appropriate inquiry, to be unsound." *Dal Pozzo v. Basic Machinery Co., Inc.*, 463 F.3d 609, 614 (7th Cir. 2006) (citations omitted). The purpose of the statute "is to deter frivolous litigation and abusive practices by attorneys and to ensure that those who create unnecessary costs also bear them." *Riddle & Associates, P.C. v. Kelly*, 414 F.3d 832, 835 (7th Cir. 2005). Sanctions are appropriate when "counsel acted recklessly, counsel raised baseless claims despite notice of the frivolous nature of these claims, or counsel otherwise showed indifference to statutes, rules or court orders." *Grochocinski v. Mayer Brown Rowe & Maw, LLP*, 719 F.3d 785, 799 (7th Cir. 2013), *quoting Kotsilieris v. Chalmers*, 966 F.2d 1181, 1184-85 (7th Cir. 1992).

Helferich has failed to show that Plaintiff's counsel committed any acts warranting sanctions under Section 1927. Helferich asserts several arguments why this Court should award sanctions. First, Helferich compares this case to other BitTorrent cases involving different plaintiffs that have been sanctioned and asserts that the "system reeks of abusive litigation and raises a presumption of bad faith." [Dkt. 91 at 4.] Helferich argues that like similar BitTorrent cases, Plaintiff's complaint is frivolous as there is no evidence that Plaintiff conducted any actual investigation and Plaintiff bases his accusations on incomplete downloads and snapshots of Helferich's activity. The conduct of other plaintiffs cannot be imputed onto the Plaintiff in this matter without showing specific sanctionable conduct. Helferich merely generalizes here and

only compares the complaint to that of other cases. However, the allegations in Plaintiff's complaint have survived motions to dismiss. *See Malibu Media, LLC v. Harris*, 1:12-cv-1117-WTL-MJD, 2013 WL 3780571 (S.D. Ind. July 18, 2013). Thus, the complaint is not frivolous.

Helferich also argues that Plaintiff and its counsel unreasonably continued with the proceedings even after Helferich submitted a sworn statement that he was not home at the time of the alleged infringement. While Helferich argues that this is not a mere denial, the Court does not see it that way. Without corroboration that Helferich was not at home during the alleged infringement, Plaintiff is not required to treat Helferich's sworn statement as actual proof that he did not commit the infringement. Further, even if Helferich was not home, Plaintiff seeks the identity of the true infringer and believes that Helferich may be in possession of such information.

Finally, Helferich argues that Plaintiff, through its counsel, frivolously filed a notice of election to statutory damages in an attempt to avoid discovery. Helferich argues that such filing is frivolous because this is a case of continuing infringement whereby infringement occurred prior to Plaintiff registering the works in question which, Helferich argues, forecloses Plaintiff's right to recover statutory damages. The election to pursue statutory damages instead of actual damages is a right given in the Copyright Act and the Plaintiff may exercise this right "at any time before final judgment is rendered." 17 U.S.C. § 504(c)(1). It is Plaintiff's burden to prove that it can obtain statutory damages and Helferich is well within his right to contest such award. Plaintiff cannot have committed a frivolous act by making a damages election that he was entitled to make by statute.

Generally, Helferich alleges that Plaintiff's only real purpose is to coerce settlements and eventually "cutting and running" when pressured for discovery by filing a notice of dismissal.

Helferich has made no showing or pointed the Court to any specific conduct committed by Plaintiff's attorney to show an attempt to coerce Helferich into settling. Further, Plaintiff is entitled to unilaterally dismiss the case for *any* reason prior to the filing of an answer. *Marques v. Fed. Reserve Bank of Chi.*, 286 F.3d 1014, 1017 (7th Cir. 2002) ("[O]ne doesn't need a good reason, or even a sane or any reason, to dismiss a suit voluntarily. The right is absolute, as Rule 41(a)(1) and the cases interpreting it make clear.") In this case, Plaintiff's attorney asserts that the costs on his client and Helferich to pursue the litigation outweigh any potential reward.

Therefore, the Court recommends that Helferich's Motion for Sanctions be **DENIED**. Any objections to the Magistrate Judge's Report and Recommendation shall be filed with the Clerk in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), and failure to timely file objections within fourteen days after service shall constitute a waiver of subsequent review absent a showing of good cause for such failure.

Date: 01/26/2014

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Paul J. Nicoletti
NICOLETTI & ASSOCIATES, P.C.
pauljnicoletti@gmail.com

Jonathan LA Phillips
SHAY KEPPLE PHILLIPS, LTD
jphillips@skplawyers.com